Judge Wood
delivered the opinion of the court:
It is claimed by the defendant’s counsel, that the granting of administration on the 10th of March, thirteen days before the counties were divided, was the commencement of a “ suit or -'¿cause,” [226 which was pending at the time of said division; and that the subsequent order and sale of the lands in Butler, by the direction of the court of common pleas of Hamilton, comes within the saving clause of the statute.
In the case of Ludlow’s Heirs v. Wade, 5 Ohio, 504, this identical question was presented on an order of the orphans’ court, issued for the sale of the lands of an intestate, and this court decided that such an order issued, was not a suit or prosecution pending within the saving clause of the statute of 1805.
In the case of the Heirs of Ludlow v. McBride, 3 Ohio, 259, this court have also determined, that under the law of 1795, for settling estates in the orphans’ court, that court could not direct the sale of lands by administrators, unless they lay in the same county where the court sat.
In reviewing these cases, they appear to us to settle the questions presented, as far as they can be settled by this court. We are fully of the opinion that the grant of administration is not a suit or cause, within the saving clause of the act referred to, and that the court of common pleas in Hamilton could not legally direct the sale oí lands in Butler, by administrators, in 1804; that such order, and all the subsequent proceedings had upon it, are illegal and void; that the deed from the administrators could convey no title when, founded on such order, and that the court erred in receiving evi *232 dence of such proceedings, and such deed to go to the jury, to prove title in the defendant.
A new trial must be granted, with costs, to abide the event.